IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 DEC 23 AM 8:54
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| MIDWEST INDEPENDENT TRANSMISSION SYSTEMS OPERATOR, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | 1:11-cv-1703 WTL-DML |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jane Doe who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 11 below, Doe, a qualified individual, suffered from a disability, post-partum depression, that substantially limited Doe in major life activities. Defendant failed to reasonably accommodate Doe and discharged her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Midwest Independent Transmission Systems Operator, Inc., a Delaware corporation ("Midwest ISO"), has continuously been doing business in the State of Indiana and the City of Carmel, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Midwest ISO has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Midwest ISO has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jane Doe filed Charge of Discrimination No. 470-2010-02823 with the Commission alleging violations of Title I of the ADA by Defendant Midwest ISO. All conditions precedent to the institution of this lawsuit regarding the charge of discrimination against Defendant Midwest ISO have been fulfilled.

8. On or about March 23, 2010, Defendant Midwest ISO engaged in unlawful employment practices at the facility located at 701 City Center Drive, Carmel, Indiana 46082, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

   a. Jane Doe was qualified for her position, HR Coordinator, as Defendant Midwest ISO retained her employment for approximately three years before firing her and stated in its most recent annual review of her performance that she exceeded expectations.

   b. At the time Defendant Midwest ISO failed to accommodate her and fired her, Jane Doe was an individual with a disability. She suffered from an impairment, post-partum depression, that substantially limited multiple major life activities, including sleeping, interacting with others, and the operation of a major bodily function, her brain function.

   c. Defendant Midwest ISO unlawfully discriminated against Jane Doe by failing to provide her with a reasonable accommodation in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A). On or about February 25, 2010, Doe requested a reasonable accommodation of leave through on or about April 2, 2010, at which point Doe's treating doctor anticipated Doe

being able to return to work. Defendant Midwest ISO was aware of Doe's disability and received Doe's request for accommodation, but denied Doe's request and, on or about March 23, 2010, terminated her employment.

d. Defendant Midwest ISO unlawfully discriminated against Jane Doe by terminating her employment because of her disability, post-partum depression, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

9. The effect of the practices complained of in paragraph 8 above has been to deprive Jane Doe of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or reckless indifference to the federally protected rights of Jane Doe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Midwest ISO, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying training, denying reasonable accommodation, and terminating employment because of a disability.

B. Order Defendant Midwest ISO to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals

with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Midwest ISO to make whole Jane Doe by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay.

  D. Order Defendant Midwest ISO to make whole Jane Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant Midwest ISO to make whole Jane Doe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain and suffering, in amounts to be determined at trial.

  F. Order Defendant Midwest ISO to pay Jane Doe punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

*[signature]*
Laurie A. Young
Regional Attorney

*[signature]*
Michelle Eisele
Supervisory Trial Attorney

*[signature]*
Jonathan Bryant
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Jonathan.bryant@eeoc.gov
(317) 226-5588
Fax: (317) 226-5571