IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-cv-01703-WTL-DML |
| MIDWEST INDEPENDENT TRANSMISSION SYSTEM OPERATOR, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

# Consent Decree

The Equal Employment Opportunity Commission ("Commission") filed this action against Midwest Independent Transmission System Operator, Inc., ("Midwest ISO") on December 23, 2011, alleging a violation of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 (hereafter referred to as the "Lawsuit"). The Commission's complaint alleges that Midwest ISO discriminated against Crystal Wirstiuk by refusing to accommodate her disability and by terminating her employment on the basis of her disability. The Commission brought this action to correct Midwest ISO's alleged unlawful employment practices. Midwest ISO denies these allegations.

The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, following settlement negotiations, the parties mutually have agreed to settle this Lawsuit based on the terms set forth in this Consent

Decree.  The Consent Decree is intended to fully and finally resolve any and all claims arising out of the charge of discrimination filed by Crystal Wirstiuk and the Complaint filed by the EEOC in the Lawsuit, and constitutes a complete resolution of all claims of disability discrimination that were made or could have been made by the EEOC in the Lawsuit.  The parties agree that this Consent Decree is entered into solely to resolve disputed claims and that it shall not constitute an adjudication and/or finding on the merits of the Lawsuit.

The Commission and Midwest ISO hereby stipulate to the jurisdiction of the Court and to satisfaction of all administrative prerequisites.  The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the Americans with Disabilities Act will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 13 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.     This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. 1:11-CV-01703.

2.     Midwest ISO shall not engage in any employment practices which discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of such individual's disability

2

and shall not retaliate against any individual who has opposed any practice made an unlawful employment practice under the ADA, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the ADA.

3.     In consideration of the promises contained in this Consent Decree and in the separate Confidential Settlement and Release Agreement ("Release"), Midwest ISO on behalf of itself, its officers, directors, employees and agents agrees to pay the gross sum of Ninety Thousand, Five Hundred Dollars to Crystal Wirstiuk.  The payment shall be made by two checks, one for back pay damages in the amount of Forty-Five Thousand, Two Hundred Fifty Dollars (less legal withholdings), and the other for compensatory damages in the amount of Forty-Five Thousand, Two Hundred Fifty Dollars.  Midwest ISO will issue an Internal Revenue Service Form W-2 detailing all legal withholdings from the back pay damages and a 1099 for the amount of damages deemed compensatory damages. The checks shall be payable to Crystal Wirstiuk.  No more than thirty days from the entry of this Decree by the Court, the Commission will forward the Release to Ms. Wirstiuk for her execution.  A copy of the Release is attached hereto as Appendix A. The Commission will notify counsel for Midwest ISO upon receipt of the Release executed by Ms. Wirstiuk.  Then, within forty-five days from the entry of this Decree by the Court, or within five days of the Commission's notification that it has received the Release signed by Ms. Wirstiuk, whichever is later, Midwest ISO shall mail the settlement check to Ms. Wirstiuk by certified mail to 13607 Gilbert Lane,

Fishers, Indiana 46038.  Midwest ISO shall mail a copy of the check and proof of its delivery to her (a signed certified mail receipt) to the Commission in care of the Commission's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.  The Commission shall forward Ms. Wirstiuk's executed Release to counsel for Midwest ISO upon receipt of proof of delivery of the settlement check to Ms. Wirstiuk.

4.      Midwest ISO shall post the attached Notice (attached as Appendix B to this Decree) in a conspicuous place in its Carmel, Indiana facility.  Such Notice shall remain posted throughout the term of this Decree.  If the Notice becomes defaced or unreadable, Midwest ISO shall replace it immediately by posting another copy of the Notice.

5.      Midwest ISO shall eliminate from the records of Ms. Wirstiuk all reference to her charge of discrimination and participation in this suit.  If contacted for references, Midwest ISO shall provide the period of her employment and the positions held, and shall make no reference to her termination, her charge, or her participation in this suit.  This provision survives the expiration of this Decree.

6.      Within 14 days after the entry of this Decree, Midwest ISO shall mail certification of its compliance with Paragraphs 4 and 5 to the Commission in care of the Commission's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

7.     Midwest ISO agrees to conduct a training program on employment discrimination, including the Americans with Disabilities Act, as amended, to all employees with human resources responsibilities for leave and accommodation requests.  All costs associated with the annual training will be borne by Midwest ISO.

    a.  First Annual Training: The first annual training shall be completed within 60 days after the entry of this Decree.

    b.  Subsequent Annual Trainings: Thereafter, each annual training session shall last no less than one hour, may cover any equal employment opportunity matter Midwest ISO deems appropriate, and may be administered by the vendor of Midwest ISO's choice.

8.     During the term of this Decree, Midwest ISO shall provide the Commission with annual reports on or before each anniversary date of the entry of this Decree.  The annual report shall include the following information:

    a.  Training: the date of training during the preceding year, a copy of the agenda of the training session, the identity of the person or persons leading the training, a roster of all individuals who attended the training, and a certification that all of its employees with human resources responsibilities for leave and accommodation requests attended the training.

    b.  Notice: that the Notice was and has remained posted as required by Paragraph 4 of this decree.

c.  References: whether Midwest ISO received any requests for references for

Ms. Wirstiuk, and, if so, that it complied with Paragraph 5 of this decree.

d.  Requests for accommodation:

i.  The identity of each individual who requested  accommodation during

the preceding year, including the individual's name, last known

telephone number and address, job title, and, if no longer an employee,

the individual's social security number;

ii.  A detailed description of each such individual's request;

iii.  A detailed description of the action taken by Midwest ISO in response to

each such request; and

iv.  If Midwest ISO denies any such request, a detailed description of the

reasons for the denial.

9.      Midwest ISO agrees that the Commission may review compliance with

this Decree.  As part of such review, the Commission may, upon 72 hours advance

notice to Midwest ISO's designee and in a reasonable manner, inspect the premises,

interview employees, and examine and copy documents.

10.      In the event that the Commission alleges that a violation of this

Decree has occurred, prior to exercising any remedy provided by law, the

Commission will give notice in writing by certified mail, specifically identifying the

alleged violation to Midwest ISO, with a copy to its counsel.  Midwest ISO will have

thirty (30) days in which to investigate and respond to the allegation.  Thereafter,

the parties will have a period of thirty (30) days, or such additional period as may

be agreed upon by them, in which to negotiate and confer regarding such allegation, before the Commission exercises any remedy provided by law.

11.    The Commission and Midwest ISO shall each bear its own costs and attorney fees.

12.    The term of this Decree shall be for 3 years following the date of the entry of this Decree.

13.    The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


7/09/13
Date

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

| | |
|---|---|
| Jonathan Bryant, # 24112-49 | R. Anthony Prather |
| Trial Attorney | Peter T. Tschanz |
| EQUAL EMPLOYMENT OPPORTUNITY | Barnes & Thornburg LLP |
|    COMMISSION | 11 South Meridian Street |
| Indianapolis District Office | Indianapolis, Indiana |
| 101 West Ohio Street, Suite 1900 | (317) 236-1313 |
| Indianapolis, Indiana 46204 | Fax: (317) 231-7433 |
| (317) 226-5588 | Tony.prather@btlaw.com |
| jonathan.bryant@eeoc.gov | Peter.tschanz@btlaw.com |

7

## APPENDIX A

### **RELEASE**

In consideration of the payment to me by Midwest Independent Transmission System Operator, Inc., of $90,500.00 (less any applicable taxes or withholdings), in connection with the resolution of *Equal Employment Opportunity Commission v. Midwest Independent Transmission System Operator, Inc.*, No. 1:11-cv-01703, I waive my right to recover for any claims of discrimination under the Americans With Disabilities Act, as amended, and Title I of the Civil Rights Act of 1991 that I had against Midwest Independent Transmission System Operator, Inc., prior to the date of this release and that were included or could have been included in the claims alleged in the Commission's complaint in *Equal Employment Opportunity Commission v. Midwest Independent Transmission System Operator, Inc.*

IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2013.

_____
Crystal Wirstiuk

County of                          )
                                   )SS
State of                           )

Subscribed and sworn to before me this _____ day of _____, 2012.

_____
Notary Public

8

APPENDIX B

# EMPLOYEE NOTICE

**This notice is posted pursuant to a consent decree between the EEOC and MISO regarding Disability Discrimination in the workplace pursuant to the Americans with Disabilities Act.**

Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (over 40) or disability.

MISO supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

**Questions concerning this notice may be addressed to:**

**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone:  (317) 226-7212**
**EEOC 800 # 1-800-669-4000**
**TDD (317) 226-4162**

MISO prohibits disability discrimination and will not tolerate the denial of a reasonable accommodation or the denial of employment or advancement to qualified individuals with disabilities and will conduct an individualized assessment of all applicants and current employees with claimed disabilities prior to making an employment decision with respect to that individual.

Any employee who feels they have experienced disability discrimination is advised to report this action promptly to MISO's Compliance Hotline.